## Lyle vs. Bradford.

Error to the Fayette Circuit; JESSE BLEDSOE, Judge.

*Parties. Evidence. Process. Error. Appeals. Revivor. Lis pendens. Lapse of time.*

Judge OWSLEY delivered the Opinion of the Court.

    To obtain a conveyance of the elder legal title to land, of which John Lyle, Patterson and others were possessed, Bradford exhibited his bill in equity against them, claiming the superior equity under an adverse conflicting entry. Several successive subpœnas in chancery were issued against all of the defendants named in the bill, but neither of which appears from the return of the sheriff, to have been served upon Lyle, and there is no entry

CHANCERY.
Case 17.

April 22.

History of the case.

LYLE
vs.
BRADFORD.

upon the record of the proceedings of his having ever appeared to the suit, nor does he appear to have answered the bill. The other persons named as defendants, answered the bill, and the cause came on to hearing in the court of original jurisdiction, and a decree was therein pronounced, dismissing Bradford's bill. Bradford appealed from that decree, and brought the case to this court. By the decision of this court, the decree of the circuit court was reversed, and the cause remanded to that court for a decree, to be entered in favor of Bradford for the land. The cause accordingly went back to the circuit court, and a decree was there entered in favor of Bradford against all the persons named as defendants in his bill.

Bill of revivor, stating the service of process on the original bill, upon Lyle, and its loss.

After this, John Lyle departed this life, and Bradford thereupon filed a bill of revivor, for the purpose of having the original suit, and the decree therein pronounced revived, and enforced against the decedent's heir and representative. The bill refers to the original bill, suggests the lack of any return of the sheriff, by which either of the subpœnas is proved to have been served upon the decedent, John Lyle, but alleges the loss of several subpœnas, some one of which it is stated, was served upon him, but if not served, it is insisted that from his active agency in the preparation of the cause, Lyle must be considered as a party to the proceedings, and particularly, as the cause was brought to this court, and decided in favor of Bradford, it is contended that the representative of Lyle must be concluded by the decree.

Answer, denying it.

The bill of revivor was answered, in which it is expressly denied, that any process upon the original bill was ever served upon the decedent, Lyle, or that he ever engaged in the management, or preparation of the cause, and it is insisted, that he was no party to the decree of the circuit court, or of that which was rendered by this court, on the trial of the appeal.

Decree of the circuit court.

The court was of opinion, that Lyle was a party, and made a decree, reviving and directing to be enforced the original decree against his heir.

To reverse that decree, this writ of error is prosecuted.

We have no hesitation in saying, that the decedent, Lyle, was no party to the decree, and that his heir is not concluded by the decree, which was made in the original suit.

Were it even competent for Bradford to travel out of the record and proceedings of the original cause, and prove Lyle to have been party in the active management and preparation of the cause, by extraneous evidence, so as thereby to make him a party to the suit, we should be bound to say, that Bradford has altogether failed to succeed in doing so in the present contest. It is true that Bradford has succeeded in proving that the decedent, before the cause was first heard in the circuit court, knew that he was named defendant in the bill, but instead of proving that he assisted in the preparation or management of the cause, it is expressly proved that he refused to do so, alleging that he had never been served with process. We would, however, reject any effort to prove the decedent a party by evidence foreign from the record, unless the evidence was calculated to supply some defect in the record, occasioned by accident, loss, or the like. But in this case, no such evidence was introduced, so that whether the decedent was a party, must be tested by the record, and by the record only. Turning therefore, to the record, Lyle was most obviously no party.

He was prayed to be made a defendant, by the bill and process was afterwards sued out against him, but he appears not to have been served with process, and if not served, he was not bound to answer the complaint set up in the bill against him, and having failed to appear or answer, he cannot be considered a party to the decree.

But after a decree was pronounced in the circuit court against Bradford, he seems to have brought the case before this court, and though it be true, that the decedent was no party to the decree, it is contended that by the record in this court, the

*Margin notes:*

LYLE
vs.
BRADFORD.

It cannot be proved, a person is a party to a decree otherwise than by the record, except a loss of some part of the record be shewn.

Naming a person a defendant in the bill does not make him a party, unless he appear, or is served with the process.

When the complainant appeals from a decree dismissing a bill,

LYLE
vs·
BRADFORD.

none are par-
ties here but
those who
were parties
to the decree
below, how-
ever the or-
ders of this
court in the
cause may
be entitled.

cause appears to have been heard as to him, as well as the other defendants to the original bill, and hence it is inferred, that he was in his lifetime, and his heir and respresentative since, are concluded by the decision of this court from questioning the decree. It should, however, be borne in mind, that the case was brought before this court, not by writ of error, and the service of process on any one, but by an appeal prayed by Bradford, so that in whatever names it may have been entered on the order book of this court, it was in substance and effect, an appeal between those only, who were parties to the decree of the circuit court, and of course the decree of this court cannot be conclusive on Lyle or any other person, not claiming under, or being privy, to any of the parties.

Revivor of
decrees and
suits in Chan-
cery.

It follows, that the decree ought not to have been revived, or enforced against the present plaintiff in error.

But a question arises, as to what disposition is to be made of the case. The decree reviving and enforcing the original decree, must, no doubt, be reversed; but is the bill of revivor to be dismissed? Or should the cause be remanded to the circuit court, for an order to be there made, reviving the original suit against the heir and representative of the decedent, Lyle, with permission for him to answer the original bill, if he should desire to do so, and for such proceedings to be had on that bill, as may bring the case to a final hearing and determination between Bradford and the plaintiff in error?

The principle of law, or rule of chancery practice, is not descerned, that requires, or would even authorize a dismission of the bill of revivor. So far as the revival and execution of the decree, is sought by the bill, we have seen that Bradford cannot obtain the aid of the court; but his not being entitled to relief in that respect, forms no obstacle to a revival of the original suit against the heir of the decedent, Lyle, provided the case made out in the bill of revivor, be one which, by the usage of equity, and principles of law, ought to be revived, and such a case we understand it to be.

The right claimed by Bradford in his original bill, undoubtedly cannot have ceased to exist by the death of Lyle. On the decease of Lyle, the title held by him, passed, it is true, by operation of law, to his heir or representative, not, however, so as to defeat the equity of Bradford, but subject thereto, and to recover which, according to the settled rules of equity practice, Bradford was at liberty either to exhibit an original bill against the heir, or file his bill of revivor, to revive the original suit brought by him against the decedent, Lyle.

The right of a complainant, in ordinary cases, to maintain a bill of revivor against the heir of a deceased defendant, who, before his death, was served with process, was not controverted in argument, but a distinction was attempted to be taken between such a case and the present, and it was contended that after the lapse of time, which Bradford suffered the cause to sleep as to Lyle, without causing process to be served upon him, and particularly after bringing the case to a hearing in the court of original jurisdiction, as to the other defendants, and after causing the decree of that court to be revised by this court, he should not be allowed to revive the suit against the representative of Lyle, but the cause as to him, ought to be considered as having been discontinued in his lifetime.

This argument might be deserving greater consideration, were bills of revivor addressed to the discretion of the court, and not governed by any fixed rules of practice or principles of law. But such we understand not to be the case. The right of a complainant, after the death of the defendant, to revive his suit against the representative of the deceased defendant, whether the death happen before or after service of process, is as firmly settled by the uniform and immemorial usage of courts of equity, as if it were expressly given by legislative enactment.

We have no recollection of any case in which the right of a complainant to revive against the representative of a defendant dying before the service of process upon him, has been expressly decided, but

---

*Margin notes:*

LYLE
vs.
BRADFORD.

Where the cause of suit survives against the representatives of a defendant who dies before decree, either a bill of revivor, or original bill, may be maintained.

Lapse of time from filing the the original bill, omission to serve the original defendant with process, and a final disposition of the cause as to the other defendants, no ground of objection to the bill of revivor, in such case.

**LYLE**
**vs.**
**BRADFORD.**

the practice to revive in such a case, has hitherto been uniform and uninterrupted, and the lack of adjudged cases on the point only argues that the correctness of the practice has never heretofore been doubted.

*Lis pendens* as to strangers commences with service of process.

It is true, that to some purposes, there is said to be no *lis pendens* until after process served, and we entertain no doubt, as to the correctness of the assertion in reference to the rights of strangers.

Date of the process is the commencement as to the parties.

But it is equally true, that the suing out process, has at all times been held the commencement of an action or suit, and that as to the person against whom process has been issued, there must necessarily be a pending suit from the date of the process, so as to abate and require a revival upon his death. The lapse of time which passed away, without any process being served upon Lyle, has no influence prejudicial to Bradford's right to revive the original suit, nor is he placed in a worse condition by any thing which has transpired, either in the court of original jurisdiction, or of this court. We have seen that as to Lyle, the cause was not disposed of by the decision of either court, and by the laws of this country, the omitting to enter a continuance at each successive term, as to him produced no discontinuance of the suit.

Query of the effect of the lapse of time from the filing the original bill the process on which had not been executed and the filing a bill of revivor, upon the merits of the complainants claim.

Whether or not, the representative of Lyle, if he shall attempt to do so, will be at liberty to aid his defence by the time which has run since the process was first issued against Lyle, is a question that may become important after the suit is revived and prepared for hearing on the merits, but which it is unnecessary and premature in the present stage of the case to determine.

The decree of the court below must be reversed with cost, the cause remanded to that court, and an order there made reviving the original suit against the plaintiff in error, but with liberty for him to answer the original bill, and contest the right set up by Bradford to the land, and such further proceedings therein had, as may not be inconsistent with

the principles of this opinion and the usage of equity.

*Wickliffe* and *Haggin*, for plaintiff; *Barry* and *Depew*, for defendants.